IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-1033-MJR** |
| ) | |
| **ROGER MULCH and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Kane County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

In early 2006, Plaintiff was transported from Jefferson County Jail to Kane County Jail in a prisoner transport van driven by employees of Jefferson County. Plaintiff was handcuffed and shacked in the rear of the van, along with several other inmates; there were no seatbelts to secure them to their places on the metal bench. Plaintiff states that the driver of the van was driving recklessly and at an excessive rate of speed. At one point, the van came to a stop at a traffic light, next to an 18-wheeled tractor-trailer. When the light turned green, the driver of the van "took off at an excessive speed, as if [he] was in a race" with the truck. Due to this sudden acceleration, Plaintiff was thrown off the bench to the rear of the van, where he slammed head-first before falling to the floor; he was unable to stop his fall because of his handcuffs and shackles. From this fall he suffered some cuts on his head, as well as pain in his neck, shoulders and back.

Based on this scenario, Plaintiff claims that Deputy Doe, the driver of the van, acted with

deliberate indifference to Plaintiff's health and safety, in violation of his rights under the Eighth Amendment. He also claims that Doe and Sheriff Mulch are liable for his injuries, under a state law theory of negligence, due to their failure to provide inmates with a safe mode of transportation.

> The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain by the state. The state violates the proscription when it so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs. Thus, prison officials must take reasonable measures to ensure an inmate's safety. To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis – the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004) (internal quotations and citations omitted).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss the Eighth Amendment claim against Doe at this point in the litigation. *See* 28 U.S.C. § 1915(e)(2). Because Plaintiff's state law claims are closely connected to his federal constitutional claim against Doe, the Court will exercise supplemental jurisdiction over these related state law claims. *See* 28 U.S.C. § 1367(c)(3).

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 4), but he has not sought nor been granted leave to proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** wi6thout prejudice.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **MULCH** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **ONE (1)** USM-285 form with Plaintiff's copy

of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **MULCH**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **MULCH** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the John Doe Defendant until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

With respect to former employees of Jefferson County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 11th day of April, 2007.**

                                             **s/ Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**