## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANNY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Case No. 06-1033-MJR-PMF** |
| | ) | |
| **SHERIFF ROGER MULCH and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Roger Mulch's motion for summary judgment (Doc. No. 17). Also submitted is a *sua sponte* recommendation regarding plaintiff's claim against the unidentified "John Doe" defendant.

Plaintiff is proceeding on a civil rights claim filed pursuant to 28 U.S.C. § 1983. He alleges that he was exposed to unconstitutional conditions when he was transported from the Jefferson County Jail to the Kane County Jail on February 15, 2006. Specifically, he says the transport van was old, lacked adequate safety features, and was operated in an unsafe manner. He further states that defendant John Doe executed some dangerous driving maneuvers, which caused his injury, and that defendant Roger Mulch knew of and was indifferent to the risk of harm. Plaintiff seeks an award of damages.

## MOTION FOR SUMMARY JUDGMENT

### I.    Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The fact presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial.  *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

## II.    Evidence

The relevant events, viewed in plaintiff's favor, are summarized as follows.  On February 15, 2006, plaintiff was a pretrial detainee.  He was transported with other prisoners from Mt. Vernon, Illinois, to Geneva, Illinois, in a dilapidated van.  Defendant Doe was the driver.  Defendant Mulch did not participate in the transport.  En route to Geneva, plaintiff's hands and feet were in restraints but he was not fastened to a particular seat.  The seating area consisted of two parallel benches constructed of a slick material.  During the trip, plaintiff moved forward on the bench and looked out the windshield.  He formed the impression that defendant Doe violated a state traffic law by exceeding the posted speed limit.  Doe also made abrupt lane changes and other maneuvers, causing the passengers to be jostled.  Towards the end of the trip, Doe drove through stop-and-go traffic, where his progress was impeded by a slow-moving truck.  At one intersection, Doe used the right turn lane.  He abruptly applied the brakes to bring the van to a stop, then quickly accelerated. As a result of this maneuver, plaintiff pitched off the bench, struck a door and fell to the floor of the van.  Because his hands and feet were restrained, he was unable to brace himself or prevent the fall. The air was knocked out of his lungs and he felt some pain in his neck and shoulders.  He clenched

his teeth and heard ringing in his hears. He pressed his face on the floor in order to right himself, which caused pieces of gravel to stick to his skin. He was embarrassed and made comments indicating that he was not seriously injured. He subsequently discovered a cut on his scalp.

Records pertaining to the trip do not describe any accident or injury. During the relevant time, the Jefferson County Jail had no official custom or policy authorizing reckless driving during prisoner transport trips. The policy in effect required officers to adhere to posted speed limits. Because transport drivers exceeded the posted speed limit on a regular basis, deviation from this policy may have been known by jail officials.

At times after February 16, 2006, plaintiff sought medical care for symptoms of pain and numbness in his wrists, hands, back, hip, shoulders, neck and/or legs. The cut on his scalp developed a recurring scab. The pain he experienced interfered with his sleep and was treated with ibuprofen. Also, he had reduced motion in his arms and shoulder.

### III.    Supervisor Liability

Defendant Mulch argues that the evidence could not support a finding that he was personally involved in a Constitutional deprivation. Plaintiff responds that Mulch knew or should have known that he would be transported in an unsafe environment by a reckless driver.

Pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The protection afforded is "at least as great as the Eighth Amendment protections available to a convicted prisoner" *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). To demonstrate that the conditions of his confinement violated the Due Process Clause, plaintiff must prove that defendant Mulch acted with deliberate indifference for his basic human need to be protected from a substantial risk of harm. *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998). Mere negligence or even gross

negligence is not deliberate indifference.  *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

With respect to supervisors, § 1983 requires personal involvement in the Constitutional deprivation.  The supervisor must know about and approve, condone, ignore or otherwise participate in the conduct creating a substantial risk of harm.  *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988).

The evidence would support a finding that defendant Mulch actually knew prisoners were transported in an old vehicle while their arms were restrained in handcuffs and while their legs were restrained in shackles but without a belt restraining them to a seat.  The evidence would also support a reasonable inference that Mulch may have generally suspected that the person driving the van on February 16, 2006, might exceed the posted speed limit.  Even so, there is no evidence that defendant Mulch actually anticipated that defendant Doe would engage in the conduct causing plaintiff's injuries: negotiate intersections using abrupt stop and accelerate driving techniques.  In short, the evidence could not reasonably support findings that defendant Mulch (1) knew that plaintiff faced a significant risk of injury and (2) responded to that risk with deliberate indifference.  Defendant Mulch is entitled to judgment in his favor.[1]

## SUA SPONTE RECOMMENDATION

As noted, plaintiff is also proceeding against the driver.  Defendant Doe has never been identified or served.  Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service is not made within 120 days, the court shall dismiss without prejudice as to that defendant or direct that service be effected within a specified time, provided that if there is a showing of good cause, the time for service shall be extended for an appropriate period.  Fed. R. Civ. P. 4(m).

The 120-day deadline expired in August, 2007, and deadlines for exchanging discovery and

---

[1]  Defendant Roger Mulch raises additional arguments in support of his motion.  Those arguments are not addressed at this time.

filing dispositive motions have also expired. At this time, plaintiff's claim against defendant Doe should be dismissed without prejudice for lack of service of process.

**CONCLUSION**

IT IS RECOMMENDED that defendant Mulch's motion for summary judgment (Doc. No. 17) be GRANTED. Judgment should enter in favor of defendant Roger Mulch and against the plaintiff.

IT IS FURTHER RECOMMENDED that plaintiff's claim against defendant John Doe be DISMISSED without prejudice for lack of service of process. If these recommendations are adopted, no claims will remain for decision.

SUBMITTED:  **June 2, 2008** .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**